# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

JOSE GARCIA-MEDEL,

        Petitioner,

vs.

MARKWAYNE MULLIN, et al.,

        Respondents.

No. C26-146-LTS-KEM

**MEMORANDUM
OPINION AND ORDER**

## *I. INTRODUCTION*

This case is before me on petitioner Jose Garcia Medel's petition (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241. Garcia Medel is an alien being held at the Hardin County Jail as his removal proceedings are ongoing. *See* Doc. 1 at ¶ 7. In an initial review order (Doc. 3), I directed Respondents (collectively, the Government)[1] to respond to the petition, which they have done (Doc. 7). Garcia Medel has replied (Doc. 11). Oral argument is not necessary. *See* LR 7(c).

## *II. BACKGROUND*

Garcia Medel is a Mexican national who claims to have been in the United States since around 2005. Doc. 1 at ¶ 18. He is accused of having entered the country without inspection and without having been admitted or paroled. Doc. 10-2. He had been under a grant of Deferred Action for Childhood Arrivals (DACA) since 2014, and is the father of two United States citizens who he financially and emotionally supports. Doc. 1 at ¶ 18.

---

[1] Although the Government's response was filed only on behalf of the federal respondents and not the state employees (Doc. 7 at 1 n.1), this order will apply to all respondents with equal force.

On December 2, 2025, Garcia Medel was arrested and accused of driving while under the influence—first offense, failure to maintain control, possession of drug paraphernalia and an open container violation. Doc. 10-4. Garcia Medel ultimately entered an *Alford*[2] plea to the driving while intoxicated and paraphernalia possession offenses. *Id.* at 20. After he reported to the Tama County Jail to serve his sentence, Immigration and Customs Enforcement (ICE) officers lodged an immigration detainer and then took Garcia Medel into ICE custody after he served his state sentence. Doc. 1 at ¶ 19. He is now detained at the Hardin County Jail in Eldora, Iowa, having been denied his request for a bond hearing. *Id.* at ¶¶ 7, 24. His habeas petition contends that his detention violates due process.

### III. STANDARD OF REVIEW

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For relief, a petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

### IV. ANALYSIS

Garcia Medel raises four reasons why his civil detention violates due process. The first two reasons rely on him having been misclassified as a detainee under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) when he should be detained under the discretionary detention scheme of 8 U.S.C. § 1226(a). *See* Doc. 1 at ¶¶ 41–49. Those arguments are foreclosed by circuit precedent, however, as *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) makes clear that Garcia Medel is properly detained under § 1225(b)(2) as an "applicant for admission . . . seeking admission." Thus, his first two arguments fail.

---

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

Garcia Medel also argues that his detention without a bond hearing violates his substantive due process rights because, without the bond hearing, there is no basis for ensuring his detention "bears a 'reasonable relation' to the purposes of immigration detention and is not impermissibly punitive." Doc. 1 at ¶ 56 (citing *Zadvydas*, 533 U.S. 678, 690 (2001); *Demore*, 538 U.S. 510, 532–33 (2003) (Kennedy, J., concurring)). But "[d]etention during removal proceedings is a constitutionally permissible part of that process," *Demore*, 538 U.S. at 530, and Garcia Medel fails to cite any basis to suggest that his detention is punitive or that animus underlies it. What Garcia Medel ultimately claims is a substantive right "to be released into the country without having been lawfully admitted, and while removal proceedings remain pending," but such a right does not exist. *See Coronel Mejia v. Gardner*, No. 26-cv-64, 2026 WL 1557466, at *4 (N.D. Iowa June 2, 2026). Thus, his substantive due process argument fails.

Finally, Garcia Medel argues that his detention without the opportunity for a bond hearing deprives him of his procedural due process rights. I have delineated how I evaluate procedural due process claims in this context in earlier opinions and will employ that rationale again here. *See, e.g.*, *Gonzalez Ochoa v. Gardner*, No. 26-cv-134, 2026 WL 2032988, at *3–4 (N.D. Iowa July 14, 2026). I have distinguished aliens being detained for the first time versus those being re-detained after having been previously evaluated and released. With regard to the former, I have generally found that aliens who are detained for the first time present circumstances that do not mandate a detention hearing, while leaving open whether a protracted detention may later necessitate a hearing. As to the latter group, I have been more open to requiring that the Government hold a detention hearing to justify its change in position.

Garcia Medel falls into the former group, as he is a first-time detainee. His appeals to a heightened liberty interest in his "long [but unlawful] residence in the United States," "limited criminal history" and "family ties" fail to distinguish his situation from others. *See Coronel Mejia*, 2026 WL 1557466, at *1, 4 (denying petition despite Coronel Mejia living in the United States since he was two years old (in 2004), having no criminal

3

history and a fiancée with a baby on the way). His procedural due process argument therefore fails.

## V. CONCLUSION

For the reasons set forth herein, petitioner Jose Garcia Medel's petition (Doc. 1) for a writ of habeas corpus and motion (Doc. 2) for an order to show cause are **denied**.

**IT IS SO ORDERED** this 27th day of July, 2026.

_____
Leonard T. Strand
United States District Judge

4